Tyler Garrett (Wyo. Bar # 6-4400)
Nathan Nicholas (Wyo. Bar # 7-5078)
Kari Hartman (Wyo. Bar #8-6507)
HATHAWAY & KUNZ, LLP
2515 Warren Avenue, Suite 500
Cheyenne, Wyoming 82001
Phone: (307) 634-7723
Fax: (307) 634-0985
tgarrett@hkwyolaw.com
nnicholas@hkwyolaw.com
khartman@hkwyolaw.com

Brent H. Blakely (*pro hac* application forthcoming)
Jamie Fountain (*pro hac* application forthcoming)
Blakely Law Group
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Phone: (310) 546-7400
bblakely@blakelylawgroup.com
jfountain@blakelylawgroup.com

ATTORNEYS FOR PLAINTIFF
DECKERS OUTDOOR CORPORATION

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2023 APR -6  PM 4: 46

MARGARET BOTKINS, CLERK
CHEYENNE

UNITED STATES DISTRICT COURT

DISTRICT OF WYOMING

| | | |
|---|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Docket No. 23 CV-58-S |
| MBF HOLDINGS, LLC, a Wyoming Limited Liability Company; and DOES 1-10, inclusive, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff Deckers Outdoor Corporation ("Deckers" or "Plaintiff"), by and

through its undersigned counsel, and for its claims against Defendant MBF Holdings, LLC

("Defendant" or "MBF Holdings") respectfully alleges as follows:

## JURISDICTION AND VENUE

1.        Plaintiff files this action against Defendant for trade dress infringement and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), patent infringement arising under the patent laws of the United States, and for related claims under the statutory and common law of the state of Wyoming.

2.        This Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the federal claims that they form part of the same case or controversy.

3.        This Court has personal jurisdiction over Defendant because Defendant is organized in Wyoming , domiciled, and/or does business within this judicial district.

4.        Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this judicial district per 28 U.S.C. § 1391(c), as it is subject to this Court's personal jurisdiction with respect to the civil action in question.

## THE PARTIES

5.        Plaintiff Deckers Outdoor Corporation is a corporation organized and existing under the laws of the state of Delaware with an office and principal place of business located in Goleta, California.  Deckers designs and markets footwear products under a number of well-known brands, including the UGG® products covered by the intellectual property asserted in this Complaint.

6.        Upon information and belief, Defendant MBF Holdings LLC is organized and existing under the laws of the state of Wyoming with an office and principal place of business located at 777 West Putnam Avenue, Greenwich, Connecticut 06830.

7.        Deckers is informed and believes that, together with MBF Holdings, other individuals and entities currently named as DOES 1-10 may also be responsible in one manner

or another for the wrongs alleged herein, in that at all relevant times, each one (including MBF Holdings) was the agent and servant of the others and acting within the course and scope of said agency and employment. These other individuals and entities are sued under fictitious names DOES 1-10 because their true names and capacities are currently unknown to Deckers. Deckers will seek leave to amend this Complaint when the true names and capacities of DOES 1-10 are ascertained.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.    Deckers' UGG® Brand

8.    Deckers has been engaged in the design, distribution, marketing, offering for sale, and sale of footwear since 1975. Deckers owns and markets its footwear products under several distinctive trademarked brands, including UGG®, Teva®, HOKA®, Koolaburra®, and Sanuk®.

9.    Deckers' UGG® brand is one of the most well-recognized premium comfort-leisure shoe brands in the United States. Since 1979, when the UGG® brand was founded, the popularity of UGG® footwear has steadily grown in the U.S. and around the world. UGG® footwear has been and remains highly coveted today by consumers as one of the most popular and recognizable symbols of luxury and style.

10.    For example, in 2000, UGG® boots were featured on Oprah's Favorite Things® where Oprah emphatically declared on national television how much she "LOOOOOVES her UGG boots." Since then, the popularity of UGG® footwear has grown exponentially, with celebrities such as Hailey Bieber, Kendall Jenner, Emily Ratajowski, and Megan Fox among a myriad of others regularly seen wearing UGG® footwear, including UGG® Fluff Yeah Slides.

11.    The world-wide recognition as a "premium" brand and the overwhelming popularity of the UGG® brand is due to Deckers' continuous commitment to quality and excellence. Today, Deckers' footwear products under the UGG® brand are widely available and sold to consumers in every state, including Wyoming, through UGG® Stores, authorized

retailers on the internet and brick-and-mortar stores, as well as on the internet at www.ugg.com.

**B.    Defendant's Infringing Activities**

12.    This lawsuit arises from Defendant's design, manufacture, importation, distribution, advertisement, marketing, offering for sale, and sale in the U.S. of certain footwear products that infringe upon Deckers' "Fluff Yeah Trade Dress" and U.S. Pat. No. D866,941 ("'941 Patent") (the "Accused Product").

13.    Upon information and belief, Defendant is a competitor of Deckers, and Defendant introduced the Accused Product into the stream of commerce in an effort to exploit Deckers' goodwill and the reputation of the UGG® Fluff Yeah Slide.

14.    Upon information and belief, Defendant is a global retailer offering footwear under the Tommy Hilfiger® brand. Defendant sells its products via third-party retailers, including within this judicial district.

15.    Upon information and belief, Defendant and other retailers currently unknown, including DOES 1-10, advertised, offered for sale, and sold the Accused Product to consumers, including those residing within this judicial district.

16.    Upon information and belief, Defendant designed, manufactured, imported into the U.S., advertised, marketed, offered for sale, and/or sold at least Accused Product under the name Tommy Hilfiger® "Laydown" — an exemplar of which is shown in the following photographs:



**Example of Accused Products**

17.    Deckers has not granted Defendant a license to practice nor given Defendant any form of permission to use Deckers' trade dresses or patents, including Deckers' Fluff Yeah Trade Dress and/or the '941 Patent.

18.    Upon information and belief, Defendant may have sold additional products that infringe upon Deckers' trade dresses and patents. Deckers will seek leave to amend as additional information becomes available through discovery.

19.    Upon information and belief, Defendant has acted in bad faith and Defendant's unlawful acts have misled and confused, and were intended to cause confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection, or association of the Accused Product with Deckers, and/or the origin, sponsorship, or approval of the Accused Product by Deckers.

## COUNT ONE

### (Trade Dress Infringement – 15 U.S.C. § 1125(a))

20.    Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

21.    In 2018, Deckers introduced the UGG® Fluff Yeah Slide, marketed with and

featuring the design elements protected under the "Fluff Yeah Trade Dress." The Fluff Yeah Trade Dress is unique and inherently distinctive, and comprised of the following non-functional elements:

     a.    A slipper and sandal combined into a statement shoe made famous by the UGG® brand;

     b.    A platform, sling back slide;

     c.    A platform sole with a furry footbed and furry perimeter sides;

     d.    A wide vamp having a furry exterior;

     e.    An open toe; and

     f.    An elastic heel strap extending from one side of the vamp to the other.

22.    The Fluff Yeah Trade Dress, which is a composite of the above-referenced features, is non-functional in its entirety, visually distinctive, and unique in the footwear industry; examples of its distinctive appearance as a whole are shown in the photographs below:



23.    The design of the Fluff Yeah Trade Dress is neither essential to its use or purpose, nor does it affect the cost or quality of the shoe. There are numerous other designs available that are equally feasible and efficient, none of which necessitate copying or imitating the Fluff Yeah Trade Dress. The combination of features comprising the Fluff Yeah Trade Dress provides no cost advantages to the manufacturer or utilitarian advantages to the consumer. These features, in combination, serve only to render UGG® Fluff Yeah Slides, the embodiment of the Fluff Yeah Trade Dress, as a distinct product originating solely from Deckers.

24.    UGG® Fluff Yeah Slides, the embodiment of the Fluff Yeah Trade Dress, are one of the most well-recognized and commercially successful styles of UGG® brand footwear products, having been featured in many of Deckers' advertising and promotional materials, as well as in various trade publications. UGG® Fluff Yeah Slides have received a large volume of unsolicited media attention, for example, through various celebrities seen wearing UGG® Fluff Yeah Slides and gracing the pages of many popular magazines nationwide and internationally.

25.    Deckers has spent substantial time, effort, and money in designing, developing, advertising, promoting, and marketing the UGG® brand and its line of footwear embodying the Fluff Yeah Trade Dress. Deckers spends millions of dollars annually on advertising of UGG® products, including on footwear embodying the Fluff Yeah Trade Dress.

26.    Due to its long use, extensive sales, and significant advertising and promotional activities, Deckers' Fluff Yeah Trade Dress has achieved widespread acceptance and recognition among the consuming public and trade throughout the United States. Indeed, Deckers has sold hundreds of millions of dollars' worth of UGG® Fluff Yeah Slides, the embodiment of the Fluff Yeah Trade Dress. Accordingly, the Fluff Yeah Trade Dress has achieved a high degree of consumer recognition and secondary meaning, which serves to identify Deckers as the exclusive source of footwear featuring said trade dress.

27.    Upon information and belief, Defendant is a competitor of Deckers and Defendant introduced the Accused Product into the stream of commerce in an effort to exploit Deckers' goodwill and the reputation of the UGG® Fluff Yeah Slide.

28.    The Accused Product manufactured, imported, distributed, advertised, offered for sale, and/or sold by Defendant bears confusingly similar reproductions of the Fluff Yeah Trade Dress and causes a likelihood of confusion as to the source, sponsorship or approval by Deckers of the Accused Product.

29.    Defendant's use of the Fluff Yeah Trade Dress is without Deckers' permission or

authorization, and in total disregard of Deckers' rights to control its intellectual property. There are numerous other shoe designs in the footwear industry, none of which necessitate copying or imitating the Fluff Yeah Trade Dress.

30.    Defendant's use of the Fluff Yeah Trade Dress is likely to lead to and result in confusion, mistake or deception, and is likely to cause the public to believe that the Accused Product is produced, sponsored, authorized, or licensed by or otherwise connected or affiliated with Deckers.

31.    As a direct and proximate result of the foregoing acts, Deckers has suffered and will continue to suffer significant injuries in an amount to be determined at trial. Deckers is entitled to recover all damages, including attorneys' fees, that it has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts.

32.    Furthermore, unless Defendant's unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate Deckers for the harm caused by Defendant's infringement, which is ongoing. Accordingly, Deckers is entitled to injunctive relief prohibiting Defendant from continuing to infringe the Fluff Yeah Trade Dress, or any designs confusingly similar thereto.

## COUNT TWO

### (Unfair Competition Under Wyoming Common Law)

33.    Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

34.    By engaging in the appropriation, adoption, and use of Deckers' Fluff Yeah Trade Dress on its own footwear, Defendant has passed off its goods as those of Plaintiff, are trading on the goodwill symbolized by the Fluff Yeah Trade Dress as alleged herein, and those acts are likely to cause confusion or mistake, or to deceive members of the consuming public and the trade. Said acts constitute unfair competition in violation of the common law of the State of

Wyoming.

35.     Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Deckers.

36.     Defendant committed such acts, and continues to commit such acts, in the conduct of trade or commerce.

37.     Plaintiff has a substantial likelihood of success stemming from a demonstrably clear right, and Defendant's acts have caused and will continue to cause irreparable injury to Deckers for which it has no adequate remedy at law.

## COUNT THREE

### (Patent Infringement – U.S. Patent No. D866,941)

38.     Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

39.     In order to protect its valuable brands, Deckers owns a number of patents covering various styles of footwear it markets, including the UGG® Fluff Yeah Slide described herein. These patents include U.S. Pat. No. D866,941 ("the '941 Patent") issued on November 19, 2019, a true and correct copy of which is attached hereto as **Exhibit A** and incorporated herein.

40.     Deckers is the owner by assignment of all rights, title and interest in and to the '941 Patent and Deckers has marked substantially all footwear products embodying the design of the '941 Patent with "Patent # D866,941" in compliance with 35 U.S.C. § 287, putting Defendant on notice of the '941 Patent.

41.     Defendant has produced, imported into the U.S., distributed, advertised, marketed, offered for sale, and/or sold within the United States the Accused Product which bears a design substantially similar to the ornamental design of the '941 Patent, in violation of 35 U.S.C. § 271.

42.    Deckers has not granted a license or given Defendant any form of permission to the '941 Patent and Defendant's infringement of the '941 Patent is without Deckers' permission or authority and in total disregard of Deckers' intellectual property rights.

43.    As a direct and proximate result of the foregoing acts, Deckers has suffered and will continue to suffer significant injuries in an amount to be determined at trial.  Deckers is entitled to recover all damages sustained on account of Defendant's infringement, and all gains, profits and advantages obtained by Defendant under 35 U.S.C. §§ 284 and 289.

44.    Upon information and belief, Defendant's infringing acts were willful, deliberate, and taken in reckless disregard of the '941 Patent despite having been put on notice through Deckers' patent marking. Defendant took these actions knowing the objectively high likelihood that such actions constituted infringement of the '941 Patent.  As Defendant's willful acts render this an exceptional case, Deckers is entitled to enhanced damages and reasonable attorney fees under 35 U.S.C. § 284.

45.    Furthermore, unless Defendant's unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate Deckers for the harm caused by Defendant's infringement of the '941 Patent, which is ongoing.  Accordingly, Deckers is entitled to injunctive relief under 35 U.S.C. § 283 prohibiting Defendant from continuing to infringe the '941 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Deckers Outdoor Corporation respectfully prays for judgment against Defendant MBF Holdings, LLC as follows:

1.    A judgment that Defendant has infringed Deckers' Fluff Yeah Trade Dress and '941 Patent and that said infringement was willful;

2.    An order granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendant, and its agents, servants, employees, officers, associates,

attorneys, and all persons acting by, through, or in concert with any of them from using Deckers' intellectual property, including, but not limited to:

   a.  manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling the Accused Product or any other products which bear Deckers' Fluff Yeah Trade Dress and/or any designs confusingly similar thereto;

   b.  manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling the Accused Product or any other products which infringe the '941 Patent and/or the overall appearance thereof;

   c.  engaging in any other activity constituting unfair competition with Deckers, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements used or owned by or associated with Deckers; and

   d.  committing any other act which falsely represents, or which has the effect of falsely representing that the goods and services of Defendant are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Deckers;

 3.  An order requiring Defendant to recall from any distributors and retailers and to deliver to Deckers for destruction or other disposition all remaining inventory of all Accused Product and related items, including all advertisements, promotional and marketing materials therefore, as well as the means of making the same;

 4.  An order requiring Defendant to file with this Court and serve on Deckers within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

 5.  An order requiring an accounting by Defendant of all gains, profits and advantages derived from its wrongful acts pursuant to 15 U.S.C. § 1117(a) and 35 U.S.C. § 289;

 6.  An award of all of Defendant's profits and all damages sustained by Deckers as

a result of Defendant's wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate;

7.     An award of treble damages in the amount of Defendant's profits or Deckers' damages, whichever is greater, for willful infringement;

8.     An award of applicable interest, costs, disbursements and attorneys' fees;

9.     An award of punitive damages in connection with its claims under Wyoming law;

and

10.     Such other relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Deckers Outdoor Corporation hereby demands a trial by jury as to all issues so triable.


DATED this 6th day of April 2023.


DECKERS OUTDOOR CORPORATION,
Plaintiff

Tyler Garrett (Wyo. Bar # 6-4400)
Nathan Nicholas (Wyo. Bar #7-5078)
Kari Hartman (Wyo. Bar #8-6507)
HATHAWAY & KUNZ, LLP
2515 Warren Avenue, Suite 500
P.O. Box 1208
Cheyenne, WY  82003-1208
Phone:  307-634-7723
Fax:  307-634-0985
tgarrett@hkwyolaw.com
nnicholas@hkwyolaw.com
khartman@hkwyolaw.com

Brent H. Blakely (*pro hac* application
forthcoming)
Jamie Fountain (*pro hac* application forthcoming)
Blakely Law Group
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Phone: (310) 546-7400
bblakely@blakelylawgroup.com
jfountain@blakelylawgroup.com


ATTORNEYS FOR PLAINTIFF,
DECKERS OUTDOOR CORPORATION

# EXHIBIT A

US00D866941S

(12) **United States Design Patent**     (10) Patent No.:     **US D866,941 S**
     Kim                                  (45) Date of Patent:     ✶✶ **Nov. 19, 2019**

(54) **FOOTWEAR UPPER AND MIDSOLE**

(71) Applicant: **Deckers Outdoor Corporation**, Goleta, CA (US)

(72) Inventor: **Esther Kim**, Santa Barbara, CA (US)

(73) Assignee: **Deckers Outdoor Corporation**, Goleta, CA (US)

(✶✶) Term: **15 Years**

(21) Appl. No.: **29/663,103**

(22) Filed: **Sep. 12, 2018**

(51) **LOC (12) Cl.** ......................................./.......... 02-04

(52) **U.S. Cl.**
     USPC ............................................ D2/969; D2/919

(58) **Field of Classification Search**
     USPC ......... D2/896–900, 916, 917, 918, 919, 946, D2/969, 972
     CPC .. A43B 3/12; A43B 3/10; A43B 3/128; A43B 3/00
     See application file for complete search history.

(56)                **References Cited**

              U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D118,008 S | ✶ | 12/1939 | Berman | D2/919 |
| D130,268 S | ✶ | 11/1941 | Creed | D2/919 |
| D135,339 S | ✶ | 3/1943 | Hanson | D2/919 |
| D167,159 S | ✶ | 7/1952 | Ney | D2/919 |
| D374,550 S | ✶ | 10/1996 | Huang | D2/919 |
| D417,771 S | ✶ | 12/1999 | Blanco | D2/897 |
| D486,956 S | ✶ | 2/2004 | Williams | D2/919 |
| D558,433 S | ✶ | 1/2008 | Cagner | D2/919 |
| D581,143 S | ✶ | 11/2008 | Hubner | D2/919 |

OTHER PUBLICATIONS

Puma Drops New Monochrome Platform Sandals, Missbish, by Jana K. Hoffman, at https://missbish.com/puma-drops-new-monochrome-platform-sandals/ Apr. 2017.

✶ cited by examiner

*Primary Examiner* — Rashida C. Walshon
(74) *Attorney, Agent, or Firm* — Greer, Burns & Crain, Ltd.

(57)                **CLAIM**

The ornamental design for a footwear upper and midsole, as shown and described.

                **DESCRIPTION**

FIG. 1 is a front perspective view of a Footwear Upper and Midsole showing my new design;
FIG. 2 is a side elevational view thereof;
FIG. 3 is an opposite side elevational view thereof;
FIG. 4 is a front elevational view thereof;
FIG. 5 is a rear elevational view thereof;
FIG. 6 is a top plan view thereof; and,
FIG. 7 is a bottom plan view thereof.
The broken lines in FIGS. 1-7 represent portions of the footwear that form no part of the claimed design. The broken lines which define the bounds of the claimed design form no part thereof.

                **1 Claim, 3 Drawing Sheets**





FIG. 1



FIG. 2



FIG. 3



FIG. 4                    FIG. 5

U.S. Patent

Nov. 19, 2019

Sheet 3 of 3

US D866,941 S



FIG. 7

FIG. 6